FILED
2018 Jan-08 AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW ARWOOD, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-cv-01816-RDP |
| UAB HOSPITAL, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

This case is before the court on a preliminary review of Plaintiff's Complaint (Doc. # 1) and Plaintiff's December 4, 2017 filing (Doc. # 8), which the court liberally construes as an Amended Complaint. In his October 30, 2017 Order to Amend (Doc. # 4), the Magistrate Judge concluded that Plaintiff's original Complaint failed to provide a statutory basis for the court's jurisdiction or to plausibly state a claim for relief. (*Id.* at 2-3). The Magistrate Judge ordered Plaintiff to file an Amended Complaint (*id.* at 3-4), and the undersigned directed Plaintiff to comply with the Magistrate Judge's directions for amending the complaint. (Doc. # 7). Accordingly, the court has granted Plaintiff a full and fair opportunity to amend his pleadings, and Plaintiff's pleadings in this case are ripe for a preliminary review. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotations marks and alterations omitted).

In actions where a plaintiff has been granted *in forma pauperis* status, the court is obligated to dismiss the action if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). An action is frivolous if (1) a plaintiff's factual allegations are "clearly baseless" or (2) a plaintiff's legal theory of relief is "indisputably meritless." *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). In determining whether a complaint is frivolous, the court possesses "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[W]ildly implausible allegations in the complaint should not be taken to be true[.]" *Id.*

The court conducts the review required by 28 U.S.C. § 1915(e)(2)(B)(ii) using the standards applied to motions under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there

are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)).

Plaintiff asserts that this court's subject-matter jurisdiction is premised upon a constitutional or federal question in this case, but he has cited no federal statute, treaty, or provision of the Constitution that supports his claims. (Doc. # 1 at 3). (*See generally* Doc. # 8). Therefore, as an initial matter, this action is due to be dismissed without prejudice for lack of subject-matter jurisdiction. *See Andrews v. Hotel Reed Nursing Home*, 167 F. Supp. 2d 1333, 1339 (S.D. Ala. 2001) (concluding that a plaintiff's complaint did not establish federal question jurisdiction because the plaintiff did not identify the federal statute or constitutional provision under which the claims arose).

Alternatively, the court finds that Plaintiff has presented frivolous claims over which the court lacks jurisdiction. "Under Rule 12(b)(1), federal courts lack jurisdiction over claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Moore v. Bush*, 535 F. Supp. 2d 46, 48 (D.D.C. 2008) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536 (1974), *aff'd*, 2009 WL 4250626 (D.C. Cir. 2009). In his initial Complaint, Plaintiff alleges that Defendant Dr. Ocore operated on him without permission and installed a microchip that can "govern [his] life." (Doc. # 1 at 4). He also alleges that Defendant UAB Hospital provided facilities for the alleged implantation. (*Id.*). Several courts have ruled that claims of microchip implantation are baseless, fundamentally incredible, and frivolous. *Grady v. U.S. Gov't*, 702 F. App'x 929, 930-31 (11th Cir. 2017) (affirming dismissal of claim concerning microchip implantation under Rule 12(b)(1) and *Hagans*); *Moore*, 535 F. Supp. 2d at 48; *Simmons v. Beard*, 2013 WL 2147811, at \*3 (M.D.

Pa. May 16, 2013). Consistent with these opinions, the court concludes here that Plaintiff's claim concerning microchip implantation is due to be dismissed as insubstantial and frivolous. *Grady*, 702 F. App'x at 930-31.

Plaintiff also complains that Defendant Ocore and several other doctors refused to see him or set up an appointment for him. (Doc. # 8). However, Plaintiff has failed to identify which law Defendant Ocore violated by refusing to provide him services, and the court cannot determine from the allegations in the amended pleading that any alleged refusal presents a colorable legal claim. Therefore, Plaintiff's claim in the Amended Complaint is due to be dismissed without prejudice for failure to state a claim for relief.

For these reasons, this action is due to be dismissed for lack of subject-matter jurisdiction, for frivolity, and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); Fed. R. Civ. P. 12(h)(3). An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 8, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE